Number 181199, Concilio de Salud Integral de Luisa, Incorporated, v. JC Remodeling, Incorporated, et al. No, there isn't any garbage thing here. Good morning, Mr. Rivera. Good morning, Your Honors, and everyone present here in the courtroom today. For the record, Counselor Victor M. Rivera-Rios, on behalf of Concilio de Salud Integral de Luisa, Plaintiff, Appellant, and Relator to the United States in this false claim side. Permission to proceed? Please. I will request two minutes for – to reserve two minutes for rebuttal. You may. Thank you. Your Honors, we filed this appeal requesting that this Court reverse a decision that we understood incurs a manifest injustice. When one looks for manifest injustice, the definition comes out something that shocks the conscience. We understand that the decision made by the District Court in this case is something similar to that. It's a decision where the District Court abused its discretion. We understand that the District Court incurred an error, and as abuse of discretion states, the District Court bases its decision on erroneous conclusion of the law or did not consider it standard, or we understand that the decision was made by ignoring relevant facts, which could be either procedural or factual, and it's based on little support. So suppose that we were to hypothetically agree that the District Court made an error in not allowing you to amend the pretrial report, okay? But it seems to me that your damages theory is flawed anyway and that that perhaps would be harmless error in the sense that you can't, under the False Claims Act, just claim the full value of the contract. You have to show under the cases, as I understand it, that you want to collect the difference between what was provided and what was promised, and that's not $135,000. Your Honor, the statute of the False Claims Act, which is 31 U.S.C. 3729, states that whoever is liable is liable three times the amount of damages that the United States sustains. Right, but the damages are not the $135,000 that you claim are the damages, and you never made any effort to show that there was a difference in the value of what was provided and what should have been provided. Your Honor, when we were preparing for this case, for this oral argument, we looked for a case that describes a remedy for fraud and deinducement type of case when it comes to False Claims Act. And we found this case, which I have right here in my possession, and I could provide help. Did you cite it in your brief? It was not cited in the brief, Your Honor, but when I was preparing for the oral argument, I found this case, and I decided to bring it to this oral argument, and I will provide copies to the opposing counsel as well, as Your Honor. It's a little late to be citing new cases, isn't it? It could be, Your Honor, but as far as we understand, it's a case law. We understand that this Court could take judicial knowledge. That's the case law that has been decided. It's not a new fact. Well, what does it say? Well, the case states that the government can choose different types of remedies, and when it comes to one type of remedy, when it comes to fraud and deinducement type of case, it could order for the contract to be rescinded, which is understood to be to restore what has been received and recover what has been paid. We understand that this could apply to this case with regards to the amount of money that was given to the contractor in this case based on their false representation. You better file a 28-J letter so the other side has an opportunity to respond to you, assuming they don't want to respond now. And how old is that case? This case is an old case. From where? It's from 1941. It's from the Southern District of New York, actually, and it's based on the False Claims Act back in the day when it was still understood that it was not treble damages, it was double damages, and it had a different type of name, but it was based on the False Claims Act that we understand that has obviously been amended as time went on. But this case states that one of the election of remedies that the government could choose is the rescission of the contract, which we understand is a remedy that's a principle for all type of fraud in the inducement type of cases. In this case, we argued to the jury and we convinced the jury. But you never argued in the district court that you're trying to rescind the contract, right? We were not allowed to, Your Honor. But you never asked it, did you? Of course we did, Your Honor. You did? We filed, when we had the pretrial conference in December 22nd of 20, I understand it was 2017, we spoke to the judge about the pretrial report. We discussed with the judge, this was all in chambers, Your Honor, just to clarify, and we told the judge that we understood that there was a damages that was missing in the pretrial order and we were going to request to amend it so we can bring to the jury the request for damages. Yes, but where did you ask for the contract to be rescinded? The contract to be rescinded, in the complaint it states, Your Honor, that we are asking for the treble damages, which is the contract price. We are asking for that number to be paid back three times. And we understand, Your Honor, that when we look back at the procedural history of this case, which we describe in our brief, we can look at all the relevant procedural facts. We look at the complaint that was filed in December 16th that was served on the defendant on December 16th of 2015, on appendix page number 23. When you had your pretrial conference and the light bulb went off at some point that you hadn't really properly attacked the issue of damages, did you get specific with the judge as to what you wanted to do and what your damage theory, at least at that point, was? Yes, Your Honor. We discussed with the judge, and this was an issue that was brought to the court in our request to amend the pretrial conference. When we go back to the pretrial conference report. Did you give the judge an amended pretrial statement? We filed a motion to leave to amend the pretrial report, and that was filed. I understand it was filed on January 8th. Did you attach an amended pretrial statement? Well, in that request for relief to amend, we were answering or, sorry, Your Honor, we were requesting the court to take into account that our request was the full contract price. One of the things, the issues that was raised in the pretrial conference report was what were all the damages that we were requesting. And in that request to amend the pretrial report, we talked about the two types of damages that we would discuss with the court. One was the original fraud damages, which is the treble damages, and the other one was consequential damages. And then we discussed with the court, we understand that ever since this complaint was filed, treble damages was always alleged. We complied with the Federal Rules of Civil Procedure. In fact, under Rule 9G, which states special damages, we complied with that rule. We stayed in that complaint. But you've got to figure out what you're trying to treble. Well, we talked about trebling. Trebling what? The contract price, which is we understood that the false representation was made, and we were induced in there to pay that. So now your theory of full contract price is based upon a theory of rescission. Yeah. As opposed to a measure of damages as to what you contracted for and what you didn't get, which is a different theory of damages. Well, we understand, Your Honor, that that's obviously the appellee's position, which is we need to discuss whether we received the goods or not. But we understand that we were going to prove that we were induced by false representation to pay this full amount. And this was one of their affirmative defenses in the answer to the complaint, whether they delivered certain types of products. In fact, Mr. Garcia, which is one of the defendants, talked about, and it's in appendix page number 411, he talks about an amount of barrels or drums of product that they delivered. That was all evidence that was submitted to the jury. And they heard this evidence, but we were not allowed to ask the jury to make a determination as to those damages because the judge excluded that completely and did not allow us at any time to ask the jury to give us those damages. But you never asked to be able to prove the difference between what you did get and what you should have gotten, right? Well, that's the thing, Your Honor. So that's correct, right? You never tried to do that? Not necessarily, Your Honor. We asked the judge that we wanted to put the full contract price. We wanted the full contract price to be paid back because our client was induced by false representation to pay that price. They would not have done it. The government would have not lost that money, and they would have used that money adequately for another type of project. Thank you. Thank you. Mr. Zegarria, good morning. Please support, Your Honors. Carlos Zegarria and Maria Celeste Colbert-Guerra, co-counsel on behalf of Jason Modeling and Jose Garcia Suarez. First of all, I want to clarify some aspects of the procedural scenario which led to this appeal. This case was filed as a quit-and-action in January 2014. But by the time the action was filed and the date of trial, three and a half years had transpired. Basically, when we went to the pretrial hearing, we went to chambers with Judge Pedro Delgado, and we discussed our theories of the case and the documentary evidence that was to be presented, the witnesses. The judge, after the discussion concluded, raised the point to the plaintiff's counsel about damages. That is the first time in the whole process in which counsel mentioned anything about his supposed theory of damages. Did they ever present a rescission theory? No, no. The rescission theory, the first time I hear the word rescission in the context of this case is today. That was never presented to the court, be it a motion or in the factual theory of the pretrial report. Also, counsel never included discussion about his proposed method for calculation of damages under the False Claims Act, which is a very particular statute, which the court recognized that it was probably one of the few civil cases, maybe the only civil case that was tried under that law in his courtroom and potentially in the District Court of Puerto Rico. Therefore, there was never a ruling from the court based on a request from the plaintiffs as to which would be the calculation of damages theory that would rule the case. Did he say, we want the whole contract price back? He kept mentioning throughout the case that he was claiming the full contract price, but in my view, he was basing that proposition on a misinterpretation of the False Claims Act because no particular provision of the False Claims Act and no case law stands for the proposition that there's an automatic presumption of damages based on the contract price. And in this case, the particular facts that went to the jury demonstrate that the services that were provided by my client were actually provided. The alleged false claim, which based the complaint, was regarding a statement about the extent and scope of the manufacturer's warranty, not about whether or not the services were provided. Wasn't there a claim also that used a different product than had been contracted for and that that was what was causing the damages? That was object of the warranty because they claimed that when our client went back to the project to do some warranty work, they used another product. So that controversy is completely distinguishable from whether or not the services were, as a matter of fact, provided. Right. I mean, if you contract for one product and you're given a totally different product. No, no. Wait a minute. Let me finish. You're given a totally different product. At least that's their allegation. Why isn't that a complete breach of the contract warranty and return of the whole contract price? Why isn't that a viable argument? Yeah, I can explain that because the use of an alternate product was only used in the context of the warranty process to determine whether or not there was something wrong with the initial product that was contracted for, which was used and applied in the work that was conducted by J-Stream Multimillion and that his clients never disputed that the services were actually provided. So at the minimum. What about the product? You're talking about services and I'm asking you about product. Did he make an allegation that the product for which he contracted were not given to him? Not exactly like that. They mentioned and they alleged that at some point in the warranty process, they applied a different product to the roof. And that product was applied to a roof not as the original and intended product, but merely to determine in the face of an evaluation of the warranty process whether or not there was something wrong that the actual product that was applied in the beginning. Their complaint was that they got a product that was different from the original product and the way it was different was that it didn't have this 15-year warranty, correct? Exactly. Exactly. So basically there was no question in regards to the services. My client provided the services. They waterproofed. But why isn't that sufficient to at least infer that there were 100 percent damages if they contracted for a product? You keep linking it to warranty. But if they contracted for a product with a warranty, and for the government I assume it's for a good reason, and they didn't get that product, why isn't that a 100 percent breach on this? Because they actually got the product that it was contracted for. And the application of a distinct product was only used incidentally during the warranty process. So you're saying the false claim was that there was a 15-year warranty, but that the product itself was the product that they contracted for. Exactly. How do you disentangle a warranty because that's part of the product? But that was never plaintiff's theory. They never proposed a theory of damages based on the fact that the court should disregard any value that could be attributed to the actual work that was performed by J-SERI modeling. The bottom line is that counsel- Let me ask you this, because I think the thing that we're having trouble with, at least I am, is that some of this was in chambers. And so there doesn't seem to be a record of what was and what wasn't represented to the court. Am I wrong, or can you point to something in the record as to what was- Well, during the pre-trial conference, the judge decided to do that on chambers, but he provided a period of time for the plaintiffs to brief his request for amendment to the pre-trial order. He did so, and the judge determined that there was no manifest injustice, because at the end of the day, a lot of time had transpired, and if we were to be provided with notice of a new damages theory, which was never briefed, and we have to bear in mind that as far as I understand, there's no set law under this circuit which could allow the judge to take a decision without having briefings from the parties as to what would be the calculation of damages theory that would rule the case. That was plaintiff's obligation. It's not defendant's obligation to move the court to make them correct their faults in the prosecution of the action. Counsel, are you familiar with the Second Circuit method of doing this? Well, counsel cited- Feldman. The Feldman case. No, that one, no, Your Honor, but if we have an opportunity, we can brief that. No, that's not new. That's in the brief. In the brief, they cite the cases related to a full contract price, but we have-and those cases were never cited at the district court. The first instance in which plaintiff's lawyer has brought to the attention of any of the courts a proposed method for calculation of damages is in the reply brief. It was never even mentioned in the appeal, and when we filed our brief, we cited to case law from the District of Columbia Circuit in the case of U.S. versus science application, which sets forth a theory of damages in which the value-if the value of the conforming goods or services is the difference between the value of the goods actually provided by the contractor and the value of the goods or services that would have to be-would have had to the government had they been delivered as promised. The district court never had the opportunity to brief the issue of the calculating damage theory because the plaintiff never even proposed it. They decided to go to trial without having the damages evidence. They never even requested a continuance of the trial to reopen discovery to address the damages issue, and they took the risk. The question is, I mean, it's clear that they didn't present a damages theory that sought to calculate the difference between the value of what was provided and what was promised. They never asked for that, but they did ask to get the return of the entire contract price. That theory existed in the complaint. You were on notice of that. Is that a viable damages theory under the False Claims Act? We understand-I don't have any more time, but if I can answer the question. Yes. We understand that there's a defect in the prosecution of the case. They never moved the court to adopt a particular theory of calculation. If they had moved the court to issue an order by which the court would be-the case would be heard based on that theory, we would have had the opportunity to brief the issue, and we would certainly oppose any method of calculation that is solely based on the contract price, because there are particular circumstances in this case related to the fact that this is not a typical false claim scenario in which a medical services provider bills for services that were not provided or medical equipment or documents which falsify an invoice which typically have to do with false claims. This is a case about a company who did some roofing work in a health center, and there was a dispute as to the scope of the warranty. There is no evidence that the services were not provided. So we would oppose certainly any adoption of a theory that would render the contract price as the equation of the damages, because they have to take into consideration the value of the services that we provided, which definitely occurred in labor, materials, personnel, insurances, and all of that. Did they notify your client-did your client notify the plaintiff that you were changing the product before he did it? Yeah. That was all object of the evidence on the trial, and my client, all that he did, demonstrated his intention to comply with the warranty. There was obviously a dispute. So you claim that the plaintiff knew that you were using a different product. Yes, for purposes of the warranty. And that's in the record. For purposes of the warranty, yes, because the product that was originally contracted for was used in the initial phase of the project. But when the problem started to arise and my client started getting calls from the concilio about stuff that was leaking on the roof, they went back, and in the process of determining whether or not to, if there's a problem with the original product, we were testing a second one. So it's not as counsel for the plaintiff presents it to the court respectfully. We believe that the particular circumstances of this case and the fact that there was never any action to prosecute the case based on an actual damage theory that was adopted by the court. It was never briefed, as your Honor asked. There was never a tendered or amended pretrial order which included a discussion of the case law which would lead the court to adopt a theory or another one. And in the description of the testimony of the witnesses, there was never any inclusion about any witness that would testify about damage.  Thank you. I'd like to know from you whether there's evidence in the record that your client knew that they were using a different product. Your Honor, before we begin, I know that Counselor Sarandi exceeded a little bit in the minutes. May I request a brief extension, maybe one additional? Let's see what you have to say first. For the record, your Honor, I know that I read the transcript, and I understand that both the witnesses, the executive director of concilio, and the engineer Cesar Gonzalez, both stated under oath, and the jury heard it, that they did not find out about the new product after it was applied. This is the main issue here of the false representation was the 15-year warranty. It's been 10 years since that contract was signed. I'm only interested to find out whether your client knew that a different product was being used. He found out after it was used. After? Okay, thank you. That's what the record shows? Yeah, we understand that that's what the record shows. Hang on a second. Between the two of them, I'm having trouble. So there was a contract to apply a roof, to install a roof. Yes. And a particular product was supposed to be utilized. They had a 15-year warranty. Exactly. And your client thought that that's what he was getting, or the government was getting. Yes. And you're saying that at some point later on, when leaks started occurring, that that's when your client found out that they didn't get the product that they contracted for, or that the product really didn't come with a warranty. I'll clarify that question. What occurred was the contract was entered in 2010. I understand it was in May, based on a false representation of 15-year product warranty. They signed that contract, and they understood that if anything happened, for 15 years they were covered. So what occurs? After a year or two, they start seeing the water leakage. They start asking them to honor the warranty, and when they start coming to honor the warranty, that's when they apply the product again, but then it did not fix the problem, and then he returned with a new product, and he admitted in trial that he was trying to apply the old product, but it wasn't working, and then he applied the new product. But our client stated that they found out about that after it was applied, and then he admitted, and this is what occurred. They sued in state court, and in state court he admitted that the warranty did not exist. And one of the issues that was brought before the jury was that he breached his duty, because he was an exclusive distributor of this product, and he had to get that warranty by complying with certain forms of the manufacturer. And he admitted in court that he never did that, and when he admitted that, he basically admitted that his representation of the 15-year warranty was actually never existed. It never existed, and to this day, 10 years afterwards, it has not been honored to this day. This is why this case was filed. It was filed because they made a false representation of 15 years, and it shocks the conscience that we're asking for the full contract price. Since the complaint, Your Honor, since the complaint is in appendix page 23, it's been stating that we want the full contract price, $135,000 times 3, $405,000. It has been stated there, and they've been duly notified for more than 3 years, and we talked to the judge about this, and we told him, look, the fraud damages are there. It's been there all the time, but we were wondering whether we should try to talk about consequential damages, which is the reparations, and when you look at our motion for leave to amend, we in good faith told the judge, look, we're not going to bring the consequential damages. We talked to the United States government, and we were going to focus solely on the contract price. This complies with the four factors of Baby v. Lockheed, which is party opposing the amendment is prejudiced in surprise. We understand that if you look at the full record of the case. So is it your opinion that if you're seeking the full contract price, that that's the measure of damages, that you don't need it, because the district court was concerned about the lack of an expert, that you don't need an expert to report those damages? No, we never, and if you look at the… Do you conceive that you don't, is it your theory that you don't need one? No, no, Your Honor, because the idea was, and even my own client said, we just want our money back because we were induced by this false representation of 15 years that never existed. And that is sufficient, Your Honor. We understand that based on the, if you look at the joint pre-trial order, you look at all the evidence that's cited there and the testimony, the evidence was going to stay the same. The documentary evidence was going to stay the same. We were not going to add new evidence. We were going to use the same witnesses, but the judge did not allow us to ask the jury to determine the witness. And that's why it shocks the conscience. And we understand that manifest injustice occurred. Thank you.